# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 16, 2010 Session

## STATE OF TENNESSEE v. KENNETH GREGORY ALLEN

**Direct Appeal from the Circuit Court for Marshall County**
**No. 17714      Robert Crigler, Judge**

**No. M2009-00070-CCA-R3-CD - Filed August 24, 2010**

The defendant, Kenneth Gregory Allen, was convicted of two counts of the sale of less than .5 grams of cocaine base and two counts of delivery of less than .5 grams of cocaine base, both Class C felonies; and sale of more than .5 grams of cocaine base, delivery of more than .5 grams of cocaine base, possession of more than .5 grams of cocaine with the intent to sell, and possession of more than .5 grams of cocaine with the intent to deliver, all Class B felonies. The trial court merged the delivery convictions with the convictions for the sale of cocaine. The defendant was sentenced to serve thirty years at sixty percent for the conviction for sale of more than .5 grams of cocaine and for the possession with the intent to sell. He was sentenced to serve fifteen years at sixty percent for the two convictions for the sale of less than .5 grams of cocaine. The sentences were ordered to run concurrently with each other but to run consecutively to case 16510, also a drug conviction, and "any unexpired sentence." This resulted in an aggregate forty-year sentence. On appeal, the defendant argues that the trial court imposed an improper sentence. After careful review, we affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

S. Jason Whatley, Columbia, Tennessee, for the appellant, Kenneth Gregory Allen.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Weakley E. Barnard and Todd Shugart, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The facts underlying this case involve the defendant selling cocaine to a police informant on multiple occasions. The informant talked to the defendant and arranged to purchase cocaine from him on April 25, May 9, and May 18, 2007. On each of these occasions, the informant purchased cocaine from the defendant with money provided by the Seventeenth Judicial District Drug Task Force. Following each purchase, the informant immediately went to members of the drug task force to turn over the drugs. On July 6, 2007, the informant scheduled a drug purchase with the defendant. This meeting was cancelled because of a delay. The defendant called the informant and told her that he was at the arranged meeting place, and she reported the call to the drug task force. Members of the drug task force then went to the arranged meeting place and arrested the defendant.

At trial, a Tennessee Bureau of Investigation forensic scientist specializing in the identification of controlled substances testified that the substances purchased from the defendant by the informant were cocaine bases, also known as crack cocaine. The substances he tested weighed .38, .39, .99, and .82 grams, respectively.

During the sentencing hearing, the trial court was notified that the defendant had six prior Class B felony convictions which would qualify him as a career offender. A Probation and Parole employee testified that when the defendant committed the underlying crimes, he was on probation for convictions on case 16510. The ten-year sentences imposed on July 6, 2005, for the drug-related convictions in case 16510, included the following Class B felonies: possession with intent to sell, possession with intent to deliver, sale of cocaine, and delivery of cocaine.

The defendant also testified at the sentencing hearing that he maintained full-time employment from the time he graduated high school until he was arrested for the drug charges in 2004. He said he was remorseful when he received the ten-year sentence, but he experienced hard times and made a bad decision to sell drugs to make money. He testified that he has three children by three women and that he pays court ordered child support to two of the mothers. He testified that, after paying child support and taxes, he had thirty to forty dollars remaining each week. The defendant explained that he began selling crack cocaine again because people seeking drugs approached him. He said he was sorry that he became involved in selling drugs.

The State asked the trial court to run his pending sentences concurrent with each other but consecutive to his prior convictions. At the conclusion of the hearing, the trial court made findings that, based on his prior convictions, the defendant was a career offender. The trial court merged some of his convictions and imposed a sentence of thirty years as a career

offender. The court also addressed the issue of consecutive sentencing by finding that the defendant was on probation when he committed the most recent crimes. The court also found that the defendant was an offender with an extensive record of criminal activity because he had six prior felony convictions that occurred on different occasions. The trial court reasoned that ordering concurrent sentences for offenses committed while a defendant was on probation would depreciate the purpose of probation and ordered the sentences from the present trial to run concurrent with each other but consecutive to his previous ten-year sentence.

Analysis

The defendant raises three issues on appeal with regard to the sentencing for his underlying convictions. He contends that the trial court erred in classifying him as a career offender and in ordering that his most recent sentences run consecutively to his earlier sentence. He also argues that the controlled purchases constitute entrapment by law enforcement and should not serve as separate criminal activity so as to make him a career offender.

The defendant argues that the aggregate length of the forty-year sentence is excessive. The State argues that because the defendant had six prior Class B felony convictions and was convicted of four Class B felonies and four Class C felonies in the instant case, the trial court was required to sentence him to the maximum in his range, thirty years, pursuant to Tennessee Code Annotated section 40-35-108(c). We agree. The defendant was properly considered a career offender for sentencing purposes. Therefore, the issue to consider is whether the trial court properly ordered his sentence to run consecutively to his previous ten-year sentence.

When an accused challenges the length, range, or manner of service of a sentence, this court will conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The weight to be afforded an enhancement or mitigating factor is left to the trial court's discretion so long as its use complies with the purposes and principles of the 1989 Sentencing Act and the court's findings are adequately supported by the record. T.C.A. § 40-35-210(d)-(f) (2006); *State v. Carter*, 254 S.W.3d 335, 342-43 (Tenn. 2008). The burden of showing that a sentence is improper is upon the appellant. *Ashby*, 823 S.W.2d at 169; *see also* T.C.A. § 40-35-401 (2006).

When conducting a *de novo* review of a sentence, this court must consider: (1) the

evidence received at trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence offered by the parties on the enhancement and mitigating factors; (6) any statement the defendant wishes to make in his own behalf about sentencing; and (7) the potential for rehabilitation or treatment. T.C.A. § 40-35-210 (2006). Pursuant to Tennessee Code Annotated section 40-35-115(b), a trial court may impose consecutive sentences if it finds by a preponderance of the evidence that at least one of following statutory criteria applies: (2) the defendant is an offender whose record of criminal activity is extensive; [or] (6) the defendant is sentenced for an offense committed while on probation. T.C.A. § 40-35-115(b) (2), (6). The general principles of sentencing require that the length of the sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." T.C.A. §§ 40-35-102(1), -103(2); *State v. Imfield*, 70 S.W.3d 698, 708 (Tenn. 2002).

The defendant argues that the trial court abused its discretion in concluding that he had an extensive criminal record. Specifically, he argues that these convictions were his second conviction for selling crack cocaine as a street-level dealer, with a total of ten occurrences. He further argues that his convictions do not suggest that he is a danger to society or the public in need of a forty-year sentence of confinement.

The trial court properly found that the length of the sentence was justly deserved in relation to the seriousness of the offenses and, under the circumstances, was no greater than deserved. The record reflects that the trial court considered the sentencing principles and all relevant facts and circumstances before imposing sentence. The court noted that if the defendant's sentence were to run concurrently with his ten-year sentence for which he received probation, this would depreciate the purpose of probation. Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that at least one of following statutory criteria applies: (2) [t]he defendant is an offender whose record of criminal activity is extensive; [or] (6) [t]he defendant is sentenced for an offense committed while on probation. T.C.A. § 40-35-115(b). The defendant committed the underlying offenses while he was on probation; therefore, the trial court did not abuse its discretion in setting the sentence in this case.

Next, the defendant argues that he was entrapped by the drug task force for multiple counts and that these counts served to enhance his sentence. In support of his argument, he refers to this court's opinion in *State v. John Derrick Martin*, No. 01C01-9502-CR-00043, 1995 Tenn. Crim. App. LEXIS 984, at *14 (Tenn. Crim. App. at Nashville, Dec. 19, 1995). The defendant in *Martin* was convicted of multiple drug offenses stemming from controlled purchases from a police informant. The *Martin* case is similar to the defendant's case because the drug sales were controlled buys and the officers of the drug task force dictated

the number of counts. The court in *Martin* also ran the defendant's sentences consecutive to an existing, unfinished sentence but this court modified the defendant's forty-year sentence to twenty years because it concluded that the sentence was not reasonably related to the severity of the crimes. Here, the trial court was required to sentence the defendant to thirty years for a single conviction. The defendant's multiple counts of selling to the police informant had no impact on the defendant's thirty-year sentence. The trial court chose to run the defendant's sentences concurrently with each other. As previously stated, because the defendant was on probation when the instant crimes occurred, it was within the trial court's discretion to run the sentences consecutively.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE